IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WULF, husband and wife; SANDRA WULF, husband and wife; and GRINNELL MUTUAL REINSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>THOR MOTOR COACH, INC., BRV EUGENE, LLC, BRV OREGON, LLC, BRV NEBRASKA, LLC, and BRV LINCOLN, LLC,<br><br>Defendants. | 8:23CV347<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendants' Motion to Strike Plaintiffs' Jury Demand. Filing No. 51. Defendants argue Plaintiffs knowingly and voluntarily waived their right to a jury trial. The undersigned finds Defendants' motion should be granted.

## I.   BACKGROUND

Plaintiffs, Robert Wulf and Sandra Wulf, purchased a motorhome manufactured by defendant Thor Motor Coach, Inc., from defendant BRV Eugene, LLC, known as Bish's RV, located in Junction City, Oregon in October 2021. Filing No. 33 at 5. Defendant BRV Oregon, LLC, owns and operates BRV Eugene. *Id.* at 2–3. The Wulfs embarked on a road trip in the motorhome to return to their home in Deloit, Iowa, but were twice forced to return to BRV Eugene for repair of an allegedly defective "slide out" feature that was "unexpectedly sliding out while they were driving down the highway." *Id.* at 5. Even after BRV's second attempt to correct the problem, the Wulfs claim they were forced to stop "at least 100 times" on their way back to Iowa to correct the slide-out feature. *Id.* at 6.

1

In June 2022, the Wulfs took the motorhome to defendant BRV Lincoln, LLC, to repair a disconnected sink drain that was allegedly "dumping into the area where the electrical apparatus was located." *Id.* at 7. Defendant BRV Nebraska, LLC, owns and operates BRV Lincoln. *Id.* at 2. The Wulfs allege BRV Lincoln did not fix the sink drain, resulting in water damage to the wiring and eventually in an electrical fire on August 6, 2022, that destroyed the motorhome and injured the Wulfs' dog. *Id.* at 7–8.

The Wulfs filed suit against BRV Eugene, BRV Oregon, BRV Lincoln, BRV Nebraska (collectively, "the Bish Defendants"), and Thor Motor Coach, asserting claims of strict liability for defective design, strict liability for a manufacturing defect, and negligence. *Id.* at 11–19. They demanded a jury trial on their claims. *Id.* at 19.

When the Wulfs purchased the motorhome, "employees or representatives" of the Bish dealership presented the Wulfs with a "Thor Motor Coach Product Warranty Registration Form" for them to sign. Filing No. 56 at 3. The warranty registration form was also signed by a Bish sales representative and includes the following provision:

> I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY.

Filing No. 53-1 at 4. This provision is located on the second page of the two-page contract, three bullet-points above the Wulfs' signatures. *Id.* It is written in all-capital letters. *Id.* With the exception of the document's forum-selection clause and the first line of the form which reads, "Important! The purchaser is required to read this document," no other provisions appear in all-caps. *Id.* at 3–4.

II.   ANALYSIS

The Bish Defendants and Thor Motor Coach seek to strike the Wulfs' jury demand based on the jury-waiver provision of the warranty registration form. The Wulfs counter that the Bish Defendants do not have standing to enforce the alleged waiver and that the Wulfs did not knowingly and voluntarily waive their right to a jury trial. The undersigned finds the Bish Defendants have standing to enforce the waiver and that it is valid against the Wulfs.

The Seventh Amendment preserves, "[i]n Suits at common law, . . . the right of trial by jury." U.S. Const. amend. VII. "[T]he right to a jury trial in the federal courts is . . . determined as a matter of federal law in diversity as well as other actions." *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). Because the right to a jury trial is fundamental, the Court indulges every reasonable presumption against its waiver. *Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849 (8th Cir. 2014) (citing *Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999)). Courts in the Eighth Circuit apply a "knowing and voluntary" standard in determining whether a party has waived a jury trial. *See Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1172 (N.D. Iowa 1995); *DAB, Inc. v. Sunbelt Rentals, Inc.*, No. 7:16CV5004, 2017 WL 280692, at *3 (D. Neb. Jan. 20, 2017). Although there is a split among the circuits regarding the burden of proof, courts within the Eighth Circuit have routinely held that the party attempting to enforce the waiver bears the burden of proving it is knowing and voluntary. *See* Wright & Miller, *Waiver of Jury Trial*, 9 Fed. Prac. & Proc. Civ. § 2321 & n.20 (4th ed.) (discussing split of authority and collecting cases); *Thomas v. Vista A & S 2006-I LLC*, No.

3

4:09CV3143, 2010 WL 3119802, at *1 (D. Neb. Aug. 5, 2010) (placing burden on party enforcing waiver).

### A. The Bish Defendants' Ability to Enforce the Jury Waiver

The Wulfs first argue the Bish Defendants were not parties to the warranty registration contract and therefore have no standing to assert the jury waiver. Filing No. 55 at 5. The Wulfs are correct that "waiver by one party cannot bind other parties." *Bank of Am., N.A.*, 766 F.3d at 849 (quoting 9 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2321 (3d ed.) (footnote omitted)). However, the Bish Defendants are, in fact, themselves parties to the contract.

The Wulfs argue the warranty was solely a document from Thor Motor Coach for its product and therefore did not implicate the Bish Defendants. Filing No. 55 at 6. In examining the warranty contract itself, however, this argument does not hold water. Rather than merely passively conveying the warranty form from Thor to the Wulfs to sign, BRV Eugene was itself a signatory to the contract. *See* Filing No. 53-1 at 4. Additionally, the contract requires certain actions of BRV Eugene:

> After completing both sides of this form, the selling dealership will:
>
> 1. Give a legible copy of the completed form to the purchaser.
>
> 2. Register the vehicle warranty on-line using TMC's [Thor Motor Coach's] Dealer Portal OR send a legible copy of both sides of this completed form to TMC within 15 days after the vehicle delivery. . . .
>
> 3. Retain the original form in your dealership records. (Note: This original form must be made available to TMC upon request.)

Filing No. 53-1 at 3. The provision above BRV Eugene's signature line states, "The purchaser(s) and selling dealership signatures below indicate their understanding and acceptance of TMC's terms and conditions." *Id.*

Thus, looking at the language of the contract, BRV Eugene[1] was a party to the agreement with standing to enforce it. Not only did BRV Eugene sign the contract, the agreement required certain actions of it, evidencing its intention and understanding to be bound. The Wulfs' argument that the Bish Defendants do not have standing to enforce the waiver is without merit.

**B. Knowing and Voluntary Waiver**

Having concluded Defendants have standing to enforce the agreement, the undersigned turns to their argument that the Wulfs knowingly and voluntarily waived their right to a jury trial by means of their signature on the warranty registration form which contains a jury waiver. Filing No. 52 at 4–6. The Wulfs counter that their waiver was not knowing or voluntary. Filing No. 55 at 7–8.

The factors a court looks to in assessing whether a waiver was knowing and voluntary include whether the waiver is in a standardized contract, the size of the print of the waiver provision and whether it is in its own paragraph, the location of the waiver provision in the contract, the length of the contract, whether the parties negotiated the contractual terms, whether the waiving party was sophisticated or had counsel, whether there was unequal bargaining power, and whether there was an opportunity to review the terms of the contract. *See, e.g.*, *Garst*, 871 F. Supp. at 1172; *DAB, Inc.*, 2017 WL 280692, at *3.

The Wulfs argue the waiver was not knowing and voluntary because it is in a small font size; the Bish dealership representatives did not separately mention the jury waiver

---

[1] The Wulfs seem to agree that if BRV Eugene is a party to the agreement, the other Bish Defendants also have standing to enforce the wavier due to the interrelated nature of the Bish organizations. *See, e.g.*, Filing No. 33 at 17–19 (Plaintiffs' Amended Complaint asserting imputed liability to the various Bish organizations because of their interrelated ownership structure).

5

to them; the warranty registration form is a standardized, non-negotiated agreement; and the Bish representatives presented the Warranty Registration Form to the Wulfs as a mere confirmation that the dealership had shown the them how the Thor Motorhome worked and that it was in good working order. Filing No. 55 at 7–8; Filing No. 56 at 4, 7. The Wulfs state the Bish representatives told them the contract "was not important and that we did not need to read it" but they do not claim they were denied an opportunity to review its terms had they so desired. Filing No. 56 at 4, 7.

      Considering the above-listed factors and placing the burden of proof on Defendants as Courts in this circuit have routinely done, the undersigned concludes the Wulfs' waiver was knowing and voluntary. While the Wulfs note the font-size of the jury waiver provision is small, it is, in fact, the same font size as the rest of the contract. Furthermore, the jury-waiver provision is one of just three provisions written in all-capital letters in the contract and is located in a separate, bulleted paragraph close to the signature line, making it conspicuous to the signers. Although they did not negotiate the standardized contract, the Wulfs had the opportunity to review its terms (although they apparently chose not to). The Wulfs were not represented by counsel when signing the warranty registration form but the contract as whole is short (two pages) and the jury-waiver provision is just one sentence long and stated in clear, non-legalese language, diminishing the necessity for counsel and the importance of the parties' potentially unequal bargaining power. Importantly, the Wulfs do not claim they failed to comprehend the jury-waiver provision (or any other portion of the contract) nor that they were misled into believing they were not waiving their jury-trial right. On balance, these factors suggest

the Wulfs knowingly and voluntarily waived their right to a jury trial by signing the warranty registration form. Defendants' motion to strike the Wulfs' jury demand should be granted.[2]

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to strike Plaintiffs' jury demand is granted.

IT IS ORDERED:

1. Defendants' Motion to Strike Plaintiffs' Jury Demand, Filing No. 51, is granted, and Plaintiffs' demand for a jury trial is hereby stricken.
2. Pursuant to Federal Rule of Civil Procedure 53(f) and the Order Appointing Master in this case, Filing No. 62, the parties have twenty-one (21) days to object to this order.

Dated this 16th day of May, 2024.

SIGNED:

s/ Kate O. Rahel
Appointed Special Master

---

[2] Although the Wulfs are not entitled to a jury trial, "the court, . . . on its own . . . may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1).