IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WULF, husband and wife; SANDRA WULF, husband and wife; and GRINNELL MUTUAL REINSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>THOR MOTOR COACH, INC.; THOR INDUSTRIES, INC.; BISH'S RV - LINCOLN, BRV, LLC; BISH'S RV, INC.; BRV OMAHA, LLC; BISH'S RV OF OMAHA; BISH'S RV HOLDINGS, LLC;  BISH'S HOLDINGS, LLC; BISH'S RV, LLC; BISH'S RV OF JUNCTION CITY BRV EUGENE, LLC; BISH'S RV OF LINCOLN, BRV OREGON, LLC;  BRV NEBRASKA, LLC; and BRV LINCOLN, LLC,<br><br>                    Defendants. | 8:23CV347<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiffs' Objection to the Special Master's Order, Filing No. 63, striking their jury demand. Filing No. 67. Upon the Court's de novo review and for the reasons stated herein, the objection is overruled.

I.    BACKGROUND

With the parties' consent, the Court appointed a special master to address non-dispositive, pretrial matters in this case. Filing No. 62. The order appointing master stated that, in accordance with Federal Rule of Civil Procedure 53(f), the parties could object to any order she filed, and the Court would review the master's factual findings and legal conclusions de novo. Filing No. 62 at 3; Fed. R. Civ. P. 53(f).

1

On May 16, 2024, the special master entered an order striking Plaintiffs' jury demand upon Defendants' motion. Filing No. 63. Briefly summarized,[1] the Wulfs purchased a motorhome from BRV (Bish's RV) Eugene, LLC, manufactured by Thor Motor Coach, Inc. The motorhome was allegedly defective and later required repairs by BRV Lincoln, LLC, owned by BRV Nebraska, LLC. The Wulfs and a BRV Eugene representative signed a warranty contract from Thor that included a waiver of their right to jury trial. Defendants moved to strike Plaintiffs' jury demand, arguing they had contractually waived such a right. Plaintiffs argued the defendants, other than Thor, lacked standing to enforce the warranty contract containing the waiver provision or, alternatively, that their jury waiver was not knowing and voluntary because of unequal negotiating power between the parties in signing the standardized contract.

The special master concluded that all Defendants had standing to assert the jury waiver. Filing No. 63 at 4. She determined the dealership did not merely passively convey the warranty form from the manufacturer (Thor) to Plaintiffs to sign but was itself a signatory and participant in the contract because it was contractually required to undertake certain actions. *Id*. She further noted that all of the Bish entities were interrelated organizations who appeared to have standing to enforce the contract, even though no party had addressed or raised this issue. *Id*. at 5 n.1.

Finally, the special master concluded that the Wulfs knowingly and voluntarily waived their right to a jury trial. The special master took into account various factors found in case law such as whether the waiver is in a standardized contract, the size of the print of the waiver provision and whether it is in its own paragraph, the location of the waiver

---

[1] On de novo review, the Court adopts the special master's factual findings as set forth in her order, Filing No. 63, which provide greater detail than the Court's short summary.

provision in the contract, the length of the contract, whether the parties negotiated the contractual terms, whether the waiving party was sophisticated or had counsel, whether there was unequal bargaining power, and whether there was an opportunity to review the terms of the contract. Filing No. 63 at 5 (citing *Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1172 (N.D. Iowa 1995); *DAB, Inc. v. Sunbelt Rentals, Inc.*, No. 7:16CV5004, 2017 WL 280692, at *3 (D. Neb. Jan. 20, 2017)). She found that the jury-waiver provision was prominent in the contract, the Wulfs had the opportunity to review the contract, the waiver provision was in plain English, and the Wulfs did not claim they failed to comprehend the jury-waiver provision or were otherwise misled by Defendants into signing the contract. Accordingly, the special master concluded the Wulfs' waiver of jury trial was knowing and voluntary and must be enforced.

## II.   ANALYSIS

Plaintiffs object to the special master's order striking their jury demand. Filing No. 67. They argue first that the special master erred in enforcing the jury waiver as to BRV Lincoln, LLC, and its owner BRV Nebraska, LLC, because they are separate from BRV Eugene, LLC, and its owner BRV Oregon, LLC, and because the claims against these Nebraska Bish entities relate to the negligent *repair* of the motorhome not the negligent *sale* of the motorhome. *Id*. at 2–3. Secondly, Plaintiffs reiterate their argument that BRV Eugene was not a party to the warranty contract because the contract was solely between Thor and the Wulfs. *Id*. at 3. And third, Plaintiffs reiterate their argument that their waiver was not knowing and voluntary because the special master gave inadequate consideration to the fact the contract was a boilerplate, non-negotiated contract printed in small font. *Id*. at 4.

First, as to Plaintiffs' objection that the special master erred in enforcing the jury waiver as to the Nebraska Bish entities, the Court finds no error on de novo review. The contract containing the jury waiver states that it applies to "any and all actions of any kind related to [the] motorhome," thus incorporating both the repair and sale causes of action. Filing No. 53-1 at 4. The Court also finds no error in the special master's determination that all four Bish entities are bound. The parties did not raise this issue before the special master and treated all the Bish entities as one group for standing purposes. Also, the warranty referenced "Bish's RV" generically, and Plaintiffs took the motorhome to BRV Lincoln for repair because they expected it to honor the warranty contract BRV Eugene had signed, indicating all the Bish entities were expected to abide by the contract as the other evidence also suggests. Accordingly, the jury waiver is enforceable as to all the Defendants.

Second, as to Plaintiffs' argument that only Thor and the Wulfs were parties to the contract, the special master correctly determined that Bish was also a party the contract because a BRV Eugene representative signed the warranty and Bish was required to undertake certain actions in exchange for the sale.

Third, as to Plaintiffs' argument regarding knowing and voluntary waiver, the special master did not improperly weigh the various factors. She acknowledged that the warranty contract was non-negotiated, but found the other factors weighed in favor of a finding that the waiver was nevertheless made knowingly and voluntarily. There is no error in this determination.

Lastly, the special master noted that under Federal Rule of Civil Procedure 39(c)(1), the court, . . . on its own . . . may try any issue with an advisory jury." Filing No.

4

63 at 7 n.2. The Court is inclined to follow this procedure. Accordingly, although the Wulfs are not entitled to a jury trial, the Court will try the matter with an advisory jury.

IT IS ORDERED:

1) Plaintiffs' Objection to the special master's order, Filing No. 67, is overruled. Plaintiffs' jury demand remains stricken, and the Court will try the case to an advisory jury.

Dated this 5th day of August, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge