IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WULF, husband and wife; SANDRA WULF, husband and wife; and GRINNELL MUTUAL REINSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>THOR MOTOR COACH, INC., THOR INDUSTRIES, INC., BISH'S RV - LINCOLN, BRV, LLC, BISH'S RV, INC., BRV OMAHA, LLC, BISH'S RV OF OMAHA, BISH'S RV HOLDINGS, LLC, BISH'S HOLDINGS, LLC, BISH'S RV, LLC, BISH'S RV OF JUNCTION CITY, BRV EUGENE, LLC, BISH'S RV OF LINCOLN, BRV OREGON, LLC, BRV NEBRASKA, LLC, and BRV LINCOLN, LLC,<br><br>Defendants. | **8:23CV347**<br><br><br>**THIRD AMENDED FINAL PROGRESSION ORDER** |

Following discussion with parties, the Third Joint Motion for Continuance of Progression Deadlines (Filing No. 105) is granted in part. IT IS ORDERED that the final progression order is amended as follows:

1) The parties are ordered to attempt a second mediation, either privately or by settlement conference with the court, on or before June 6, 2025.

2) The deadlines for complete expert disclosures[1] for all experts expected to

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | April 18, 2025. |
| For the defendant(s): | May 19, 2025. |
| Plaintiff(s)' rebuttal: | June 2, 2025. |

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 25, 2025.

4) The deadline for filing motions to dismiss and motions for summary judgment is June 25, 2025.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 25, 2025.

6) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report and previous final progression orders that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 7th day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge