IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT WULF, husband and wife; SANDRA WULF, husband and wife; and GRINNELL MUTUAL REINSURANCE COMPANY, | 8:23CV347 |
| Plaintiffs, | MEMORANDUM AND ORDER |
| vs. | |
| THOR MOTOR COACH, INC., THOR INDUSTRIES, INC., BISH'S RV - LINCOLN, BRV, LLC, BISH'S RV, INC., BRV OMAHA, LLC, BISH'S RV OF OMAHA, BISH'S RV HOLDINGS, LLC, BISH'S HOLDINGS, LLC, BISH'S RV, LLC, BISH'S RV OF JUNCTION CITY, BRV EUGENE, LLC, BISH'S RV OF LINCOLN, BRV OREGON, LLC, BRV NEBRASKA, LLC, and BRV LINCOLN, LLC, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Revised Motion for Leave to File Second Amended Complaint. Filing No. 100. For the reasons stated herein, the motion is granted.

I.    BACKGROUND

Plaintiffs, Robert Wulf and Sandra Wulf, purchased a motorhome manufactured by defendant Thor Motor Coach, Inc., from defendant BRV Eugene, LLC, known as Bish's RV, located in Junction City, Oregon in October 2021. Filing No. 33 at 5. The Wulfs were plagued with numerous issues with the RV, including a defective "slide out" feature and disconnected sink drain. *Id.* at 5–7. Defendants repeatedly serviced the motorhome. *Id.* at 5–8. The Wulfs allege BRV Lincoln did not fix the sink drain, resulting in water damage

1

to the wiring and eventually in an electrical fire on August 6, 2022, that destroyed the motorhome and injured the Wulfs' dog. *Id.* at 7–8.

The Wulfs filed suit against the manufacturer and seller of the motor home, asserting claims of strict liability for defective design, strict liability for a manufacturing defect, and negligence. Filing No. 33. The Wulfs timely filed a motion seeking leave to amend their complaint to add claims for breach of warranty. Filing No. 100. They did not file an accompanying brief. Defendants filed an opposition to the motion to amend, arguing any amendment would be futile for failure to state a claim. Filing No. 101. The Wulfs were denied leave to file a reply to Defendants' opposition due to their failure to file an initial brief. *See* Filing No. 104, text order (citing NECivR 7.1(a)(1)(A)).

## II.    ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may deny leave to amend on various grounds, including undue delay, bad faith on the part of the moving party, and futility of the amendment. *AB Realty, LLC v. Lane*, No. 8:19CV102, 2023 WL 2374630, at *1 (D. Neb. Mar. 6, 2023) (citing *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion . . . ." *In re Senior Cottages of Am.*, LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

B. **Motion to Amend**

Defendants argue the Wulf's proposed amendments to add warranty claims should be denied because they are futile. Filing No. 100. They argue the claims are barred by the contractually shortened statute of limitations, barred by the contractual waiver of implied warranty claims, and/or barred because they are federal warranty claims predicated on the existence of state-law warranty claims which do not exist for one or both of the first two reasons. *Id.* at 2–11.

It is premature to say that amendment to add the warranty claims could not survive a motion to dismiss. As to the statute-of-limitations argument, a bar by the statute of limitation is an affirmative defense which a party must raise or risk waiving. *See* Fed. R. Civ. P. 8(c); *United States v. Big D Enters., Inc.*, 184 F.3d 924, 935 (8th Cir. 1999) ("A defense based upon the statute of limitations is generally waived if not raised in a responsive pleading."). Accordingly, "[a] defendant's argument that a claim, as amended, will be barred by the statute of limitations normally is not a sufficient ground for denying leave to amend." 27A Fed. Proc., L. Ed. § 62:274; *accord Smith v. Costa Lines, Inc.*, 97 F.R.D. 451, 452 (N.D. Cal. 1983) ("[D]efendants' opposition to the motion to amend the Complaint is not the proper vehicle for raising the issue [of the statute of limitations]. It can be asserted by answer as an affirmative defense.").

Similarly, Defendants' claim that the Wulfs contractually waived their warranty protections is also not a reason to deny the amendment on futility grounds. A waiver of implied warranty is not absolute; even if the contracts contain such a waiver, it could be modified by the parties' course of dealing or determined to be unconscionable. *See, e.g.*,

*Oregon Bank v. Nautilus Crane & Equip. Corp.*, 683 P.2d 95, 101 (Or. Ct. App.[1] 1984) ("[T]he UCC provisions relating to implied and express warranties lend support to a rule of law that would allow a course of performance to override warranty disclaimers . . .."); Or. Rev. Stat. § 72.3020 ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."). Accordingly, the validity of a waiver of the warranty is better addressed in a 12(b)(6) motion, not an opposition to a motion to file an amended complaint.

Lastly, having determined that dismissal of the state-law warranty claims is not warranted at this time, Defendants' argument that the related federal-law claims also fail is premature.[2]

### III.    CONCLUSION

Plaintiffs' request to file a second amended complaint is not futile. Rather, Defendants should assert the arguments they make in opposition to the motion to amend in an answer or other responsive pleading as appropriate. Accordingly,

---

[1] Defendants argue Oregon law should apply to interpretation of the purchase agreement which contains the purported warranty waiver because the motor home was manufactured in Oregon. Filing No. 101 at 5. The other potentially applicable laws are those of Nebraska (the place of the fire) or Indiana (the location of manufacture). However, as Defendants point out, the Court need not resolve the choice-of-laws question at this time as the relevant U.C.C. provisions are similar in all three states.

[2] Defendants also argue that a forum-selection clause may require transfer of any warranty claims to Indiana. Filing No. 101 at 12. The Court need not consider transfer at this time; Defendants are free to raise this argument in a motion to transfer if they so choose.

IT IS ORDERED:

1) Plaintiffs' revised motion for leave to file second amended complaint, Filing No. 100, is granted.

2) Plaintiffs shall file the proposed second amended complaint attached to their motion on or before April 24, 2025. Defendants shall answer or otherwise respond to the second amended complaint within 21 days of it being filed.

Dated this 17th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge